IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ALLEN BISHOP                                                                    PLAINTIFF

VS.                                    CASE NO. 07-CV-4060

TYSON FOODS, INC.                                                              DEFENDANT

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration. (Doc. No. 34). In the motion, Plaintiff asks the Court to reconsider its June 2, 2008 Order denying Plaintiff's Motion for Jury Trial. Defendant has not responded to the motion. The Court finds the matter ripe for consideration.

On July 2, 2007, Plaintiff filed this *pro se* action against Tyson Foods, Inc. ("Tyson") alleging violations under Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. § 2000e, *et seq.* Plaintiff did not request a jury trial in his Complaint. Tyson filed its Answer to Plaintiff's Complaint on August 7, 2007. On January 29, 2008, Plaintiff amended his Complaint in this matter. Again, Plaintiff did not request a jury trial. Tyson filed its Answer to the Amended Complaint on February 8, 2008. On March 26, 2008, the Court sent out the Initial Scheduling Order in the case. In this Order, the Court set the matter for a non-jury trial. On April 9, 2008, Plaintiff filed a motion requesting a jury trial in this matter. In the motion, Plaintiff stated that he had demanded a jury trial on the *pro se* forms used to file his lawsuit and asked the Court to allow this matter to be tried to a jury. Tyson responded opposing the Plaintiff's request arguing that the request was untimely. On June 2, 2008, the Court denied the

Plaintiff's motion and issued the Final Scheduling Order setting this matter for a non-jury trial. On June 4, 2008, the Plaintiff filed the pending motion requesting that the Court reconsider its prior Order denying the Plaintiff a jury trial in this matter. Tyson did not respond to the Plaintiff's motion.

The Federal Rules of Civil Procedure preserve a civil litigant's constitutional or statutory right to trial by jury. *See* Fed.R.Civ.P. 38(a). The Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, also grants certain Title VII claimants the right to trial by jury. *See* 42 U.S.C. §1982a(c). In order to exercise this right a claimant may demand a jury trial by "serving the other parties with a written demand—which may be included in a pleading—no later than 10 days after the last pleading directed at the issue is served." Fed.R.Civ.P. 38(b)(1). Failure to make a timely jury demand results in a waiver of that right. Fed.R.Civ.P. 38(d). The Eighth Circuit rigidly applies this rule, and will find a complete waiver where a jury demand has not been timely made, whether the failure was "inadvertent, unintended and regardless of the explanation or excuse." *Scharnhorst v. Independent School District No. 710,* 686 F.2d 637, 641 (8th Cir. 1982), *cert. denied,* 462 U.S. 1109, 103 S.Ct. 2459, 77 L.Ed.2d 1337 (1983).

In this case, the Plaintiff insists that he made a demand for a jury trial on the *pro se* forms used to file this lawsuit. However, a jury demand was not made in either his Complaint or his Amended Complaint. By failing to make a timely jury demand, the Plaintiff has waived his right to a jury trial.

A party may seek relief from such a waiver pursuant to Federal Rule of Civil Procedure 39(b). This rule states that the Court "may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). Although the Plaintiff does not specifically seek relief under this provision, the Court will treat his motion to request jury trial

and motion for reconsideration as such. In these motions, the Plaintiff asks the Court to grant him a jury trial even though he insists that he demanded a jury trial on the *pro se* forms used to file his lawsuit. He also states that he was unaware that the matter was set for a non-jury trial until he received the Court's initial scheduling order. Thereafter, he filed his motion requesting a jury trial and the pending motion for reconsideration.

The language of Rule 39(b) places no limits on the Court's discretion in granting or denying a motion brought under the provision. Some courts take a restrictive view of the circumstances justifying relief under Rule 39(b), while others find the Court's discretion very broad. *See Lewis v. Time, Inc.,* 710 F.2d 549 (9th Cir. 1983)(finding discretion granted district court by Rule 39(b) to be narrow and not permitting the grant of motion where waiver occurred due to oversight or inadvertence); *General Tire & Rubber Co. v. Watkins,* 331 F.2d 192 (4th Cir. 1964)(suggesting that exceptional circumstances may be required for district court to exercise its discretion to grant a Rule 39(b) motion), *cert. denied,* 371 U.S. 952 (1964); *cf. Rowlett v. Anheuser-Bush, Inc.,* 832 F.2d 194 (1st Cir. 1987)(adopting view that discretion afforded district court to either grant or deny Rule 39(b) motion to be very broad); *Kitchen v. Chippewa Valley Schs.,* 825 F.2d 1004 (6th Cir. 1987)(finding under broad discretion granted district courts by Rule 39(b), untimely request for jury trial should not be denied absent strong and compelling reasons); *AMF Tuboscope, Inc. v. Cunningham,* 352 F.2d 150 (10th Cir. 1965)(holding that absent strong and compelling reasons to the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial); *Swofford v. B & W, Inc.,* 336 F.2d 406 (5th Cir. 1964)(finding Rule 39(b) motion should be granted in the absence of strong and compelling reasons to the contrary), *cert. denied* 379 U.S. 962 (1965).

It appears that the Eighth Circuit has taken the view that the discretion granted to a

district court in granting or denying a Rule 39(b) motion is very broad.  It has indicated that district courts "ought to approach each application under Rule 39(b) with an open mind," based on the circuit's viewpoint that "jury trials ought to be liberally granted when no prejudice results." *Littlefield v. Fort Dodge Messenger,* 614 F.2d 581, 585 (8th Cir. 1980)(citations omitted) *cert. denied* 445 U.S. 945 (1980).  Therefore, when examining an untimely jury demand the Court should look at the totality of the circumstances in deciding whether to grant a jury trial. *New Creation v. Continuous Curve Contact Lenses,* 100 F.R.D. 75, 77 (W.D.Ark. 1983).  In doing so, the Court should consider such factors as whether the issues to be tried are jury issues, whether granting the motion would result in a disruption of the court's schedule or that of the adverse party, the degree of prejudice to the adverse party, the length of the delay in having requested a jury trial and the reason for the movant's tardiness in requesting a jury trial.  *See Credit Bureau of Council Bluffs, Inc. v. Credit Bureau Data Centers, Inc.,* 143 F.R.D. 206, 212 & n.5 (S.D.Iowa 1992) (adopting the five factor analytical approach used in *Daniel Int'l. Corp. v. Fischbach & Moore, Inc.,* 916 F.2d 1061, 1064 (5th Cir. 1990) and *Parrott v. Wilson,* 707 F.2d 1262, 1267 (11th Cir. 1983) *cert. denied,* 464 U.S. 936 (1983).

Applying the above factors to this case weighs in favor of granting Plaintiff a jury trial, although the Court does not suggest that it condones a party's failure to make a jury demand as required by Rule 38(b).  First, and most importantly, this is a Title VII case and the fact intensive nature of these cases make them appropriately triable by a jury.  Second, the granting of this motion will not disrupt the Court's docket.  It can be tried on the present trial date regardless of whether or not it is a jury trial.   Third, Tyson has made no claim of prejudice if this matter is tried to a jury.  Finally, although the two final factors — length of delay[1] and Plaintiff's excuse

---

[1] Plaintiff waited two months after the last pleading to file his motion for jury trial.

for the delay[2]—are troublesome to the Court, it believes that a parties' right to a jury trial is paramount and should be granted whenever possible.  Therefore, the Court finds that the circumstances of this case warrant the exercise of its discretion under Rule 39(b) to grant Plaintiff a jury trial in this matter.

Based upon the foregoing discussion, the Court finds that the Plaintiff's Motion for Reconsideration should be and hereby is **granted**.  The Court will issue an Amended Final Scheduling Order resetting this matter as a jury trial.

IT IS SO ORDERED, this 9th day February, 2009.

      /s/Harry F. Barnes  
      Hon. Harry F. Barnes  
      United States District Judge

---

[2] Plaintiff mistakenly believed that he had requested a jury trial based upon the forms provided to him in the Court's *pro se* manual.